COMMERCIAL BANK & TRUST COMPANY v. SOUTHERN INDUSTRIAL BANKING CORPORATION.

Eastern Section. November 18, 1932.

Petition for Certiorari denied by Supreme Court, February 25, 1933.

A. E. Mitchell, of Knoxville, for appellant.
Frantz, McConnell & Seymour, of Knoxville, for appellee.

PORTRUM, J. An imposter appeared at the window of the Southern Industrial Banking Corporation and made application for a loan of $267 under the name of Horace P. Grissom. He filled out an application for the loan under this name and carried away with him a blank note. He signed the name of Horace P. Grissom, and several members of the Grissom family as makers, and in the meantime the corporation had made an investigation of the financial standing of Horace P. Grissom, his credit rating, and so forth, and this proved satisfactory. When the imposter returned to the banking corporation with the note it issued its check to him in the sum of $267 and he presented this check to the Commercial Bank &

Trust Company for deposit and payment. The trust company, without requiring his identification, accepted the check on deposit, paying to him a part in cash. Within the next few days the imposter withdrew the entire fund from the trust company. The trust company presented the check to the bank on which it was drawn, the Hamilton National Bank, where it was paid and charged to the account of the drawer. More than two weeks later the deception was discovered by the drawer and the check returned to the Hamilton National Bank, and this bank gave the drawer credit for the check on the theory that the payee bank had paid the check without requiring identification of the holder, and the Hamilton National Bank returned the check to the trust company and demanded payment for the same reason. The trust company took up the check and then sued the Southern Industrial Banking Corporation for the amount of the check and interest, on the theory that it had issued the check to the imposter, and the complainant had paid the check to the rightful payee. The Chancellor sustained this insistence and gave judgment in favor of the complainant, from which the defendant has appealed.

The Chancellor was of the opinion that the defendant's negligence in issuing the check to an imposter was the proximate negligence, and that the complainant was entitled to recover. The defendant insists that the negligence of the trust company in paying the check without requiring the payee to properly identify himself caused the loss, and relies upon the maxim ''Where one of two persons must suffer loss, he should suffer whose act or negligence occasioned the loss,'' or ''When one of two persons must suffer loss by the act or fraud of a third party, he who enables that third party to occasion the loss or to commit the fraud ought to be the sufferer.'' Gibson's Suits in Chancery, Section 52.

The question is, Whose negligence caused this loss? The trust company insists that it is not guilty of negligence, for it paid the check to the rightful payee. This is answered by saying that it is the custom of all banking institutions to require a stranger to properly identify himself before the bank will make payment on a negotiable instrument. That had the bank done this in this instance the imposter would have been discovered, and the loss prevented. Is this a satisfactory answer? It must be conceded that when a bank pays a check to the rightful payee it is not guilty of negligence, unless the bank owes a duty to investigate and see that all strangers are not imposters. Had the bank undertaken this additional duty, and in an attempt to determine whether or not the payee was an imposter required his identification, then the bank might or it might not have discovered that he was an imposter. For had an identification been required the imposter would have turned most naturally to the maker or drawer, and

the drawer is in no position to say that he would not have identified him as the rightful payee. So it becomes a question of conjecture whether or not the identification would have disclosed the fact that the payee was an imposter.

We agree with the Chancellor in concluding that the defendant's negligence was the proximate cause of. the loss. This question has been before the courts and is .a subject of a Note in 50 L. R. A., page 77. We quote a short excerpt from Seaboard Bank of America, 100 N. Y. Supplement, 740:

"Where the drawer of a check, draft, or bill of exchange, delivers it to an imposter, supposing him to be the person whose name he has assumed, the drawer must, as against the drawee or a bona fide holder for value, bear the loss where the imposter obtains payment of or negotiates the draft. The underlying reason is that it was the drawer's intention that the person to whom the instrument was delivered should be the payee, even through fraud and imposition that intention was created. Though the victim of deception practiced by the person who adopted the name of the payee, the maker must honor the paper." (Citing numerous authorities). This is the rule in Tennessee. Corinth Bank & Trust Co. v. Second National Bank, 148 Tenn., 147, 252 S. W., 1001.

We think the decree of the lower court a correct one, and it is affirmed with costs.

Thompson, J., and Cassell, Sp. J., concur.